# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# SOUTHERN DIVISION
# AT LONDON

| | |
|---|---|
| **EMANUEL HOWARD,** | **CIVIL ACTION NO. 6:20-103- KKC** |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| **KILOLO KIJAKAZI,** Acting Commissioner of Social Security | |
| Defendant. | |

\*\*\* \*\*\* \*\*\*

The plaintiff, Emanuel Howard, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision denying his claim for disability insurance benefits and supplemental security income. The Court, having reviewed the record, will affirm the Commissioner's decision.

This Court's review of the decision by the Administrative Law Judge ("ALJ") is limited to determining whether it "is supported by substantial evidence and was made pursuant to proper legal standards." *Rabbers v. Comm'r Soc. Sec.*, 582 F.3d 647, 651 (6th Cir.2009).

In denying Howard's claim, the ALJ engaged in the five-step sequential process set forth in the regulations under the Social Security Act (the "Act"). 20 C.F.R. § 404.1520(a)-(e). *See, e.g., Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997).

At step one, the ALJ determined that Howard has not engaged in substantial gainful activity since May 10, 2016, the alleged onset date. (Administrative Record ("AR") at 74.)

At step two, the ALJ determined that Howard suffers from the severe impairments of degenerative disc disease of the cervical and lumbar spine; joint dysfunction; and heart rhythm disturbance, status post-defibrillator placement. (AR at 74.)

At step three, the ALJ found that Howard does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR at 77.)

Before proceeding to step four, the ALJ determined that Howard has the residual functional capacity (RFC) to perform "light work" as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) except that he is limited to work that does not require "climbing ladders, ropes, or scaffolds; or exposure to workplace hazards, such as dangerous, moving machinery and unprotected heights." In addition, the ALJ determined that Howard is "limited to no more than occasional climbing stairs and ramps, stooping, kneeling, crouching, or crawling." (AR at 78.)

At step four, the ALJ determined that Howard is able to perform past relevant work as a gate guard and, thus, he is not disabled. (AR at 81-82.)

Howard argues that the ALJ failed to "properly evaluate" the evidence regarding his "psychological problems." Howard does not explain precisely how the ALJ erred in considering this evidence. Nor does he explain how any of the evidence regarding his psychological condition would require an RFC with greater restrictions than the ALJ assessed. The ALJ discussed Howard's anxiety disorder but determined it did not cause more than a minimal limitation in Howard's ability to perform basic work activities. As the ALJ noted, Howard testified that his "biggest problem" is anxiety while driving. He testified that he does not often have anxiety at all when he is not driving. AR 75, 94. The ALJ also noted that Howard has not sought ongoing treatment because of his anxiety. AR 76.

Further, the ALJ found persuasive the opinion of the state agency consultants, who found that Howard does not have a severe mental impairment. AR 81. The ALJ found this opinion consistent with Howard's conservative treatment record. AR 81. In assessing Howard's mental functioning, the ALJ also considered Howard's own report and testimony regarding his daily activities and abilities. Based on this evidence, the ALJ determined that Howard had no limitation in understanding, remembering, or applying information; in concentrating, persisting, and maintaining pace; or in adapting or managing oneself. The ALJ determined that Howard has only a mild limitation in interacting with others. Howard points to no evidence that would require a different conclusion.

Howard also argues that the ALJ erred in failing to find that his hernias or diabetes constitute severe impairments. The ALJ did find, however, that Howard had several severe impairments. Having made that determination, the ALJ was required to continue the sequential analysis to determine if Howard is disabled. *See* 20 C.F.R. § 404.1520(a)(4)(ii), (iv). Thus, even if the ALJ erred by not including the hernias or diabetes as additional severe impairments, "the error is harmless as long as the ALJ found at least one severe impairment and continued the sequential analysis and ultimately addressed all of the claimant's impairments in determining [his] residual functional capacity." *Swartz v. Barnhart*, 188 F. App'x 361, 368 (6th Cir. 2006).

As to Howard's hernias, the ALJ determined that the medical evidence showed that Howard does not experience more than minimal symptoms from the hernias. AR 75. In reaching this conclusion, the ALJ considered a medical examiner's November 2018 note that the hernia was not causing Howard problems and that Howard was scheduled for hernia repair. In his motion, Howard points to no evidence that the hernia has resulted in greater limitations in his

ability to perform work-related functions than the ALJ assessed, nor does he explain what those limitations are.

As to Howard's diabetes, the ALJ noted that the medical evidence showed that Howard controlled this condition through medication. AR 75. Howard himself testified that this was the case. Howard points to no evidence that diabetes restricts him from performing any work-related functions more than the RFC indicates, nor does he explain what those restrictions would be.

Howard argues that the ALJ "did not properly assess" his back condition and that his heart condition is "much more debilitating than assessed by the ALJ." In making his RFC assessment, the ALJ noted that Howard had received only conservative treatment for back pain. Further, Howard's doctor was frustrated because the only therapy that Howard would accept was more narcotics, which he had been purchasing "off the street." AR 79. Howard declined to obtain an opinion on surgery. The ALJ further noted that, in 2017, Howard's back pain was stable. AR. 79. The ALJ noted that, in 2018, Howard's back pain exacerbated but he had largely received conservative treatment and the back pain was stable with over-the-counter medication. AR 79-81.

As to Howard's heart condition, the ALJ noted the problems that Howard had experienced, but also noted that in late August 2018, Howard reported that he felt good and had no complaints. At that time, Howard reported no chest pain or shortness of breath. AR 80. Further, as the ALJ noted, Howard had undergone a defibrillator implant that had last "fired" three months prior to the hearing. AR 80.

In assessing any limitations caused by back pain and heart problems, the ALJ found persuasive the opinions of the state agency consultant and the consultative examiner. In accordance with those opinions, the ALJ determined that Howard could perform "light" work

4

with some restrictions. AR 80. Howard does not point to any evidence that requires greater restrictions than those that the ALJ assessed.

For these reasons, the Court finds that the ALJ's opinion is supported by substantial evidence. Accordingly, **IT IS HEREBY ORDERED** that:

1. The plaintiff's motion for summary judgment (DE 15) is **DENIED**;

2. The defendant's motion for summary judgment (DE 17) is **GRANTED**;

3. The decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g) as it was supported by substantial evidence and was decided by proper legal standards; and

4. A judgment will be entered contemporaneously with this order.

Dated August 05, 2021

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY